Whisht, J.,
delivered the opinion of the Court..
This was an action of detinue for a- slave, Betty, im which judgment was rendered- against the plaintiff, and he has appealed in error to this Court.
The plaintiff is the sole executor of Jackson Smith, who died about June, 1852, and claims the slave as trustee under his will, and the codicils thereto attached.
The testator had seven children, and in his will he gave to his daughter Harriet H. Grills, the one-seventh part of his estate, in fee simple. Afterwards, in a codicil is this clause; “ In addition to the foregoing will and codicil, I make this, the second, codicil to said will. 1 revoke that portion of my will which gives to my daughter, Harriet Grills, the portion of. property set apart in the foregoing will; and the reason why I revoke said portion of my will is, that I wish that my executors. *66 to take the same into their control and management: and direct that they, my executors, manage said property heretofore given to Harriet Grills, in the same way that they are directed to control and manage the property given in the will to Elizabeth Emeline Lowry and Nathaniel D. Smith. I make this change in my will, being fully of the opinion that Jefferson Grills will not take that care of said property, that he should do.”
In the will, the shares of Nathaniel D. Smith and Elizabeth Emeline Lowry, were not given to them, but to their children, “to be under the control and direction of my executors, and not at all to be under the control, either of my son, Nathaniel D. Smith, or my son-in-law, Alexander M. Lowry. I wish my executors to apply the rents and hires, if any, to the maintenance and education of said grand-children, or dispose of it to the best advantage of the grand-children, as they may think best.”
Jefferson Grills was the husband of Harriet H. Grills, and is still alive, but she is dead, leaving children, some of whom are adults, and others are infants. The said slave, in the lifetime of Harriet H. Grills, was set apart to her, and permitted to go into her possession by the executor, where she remained until the death of said Harriet.
Subsequent to her death, and prior to the institution of this suit, the said slave was sold under a decree of the County Court of McMinn county, for distribution among the children of Harriet H. Grills, to which proceeding the present plaintiff was no party. At said sale, the defendant became the purchaser, took said slave into possession, and now has her. The plaintiff forbid the *67 sale. The decree was had by the children of -Harriet H. Grills, who were parties to the suit.
The only question in the case is, was the testamentary trust created by the will of Jackson Smith, determined by the death of Harriet H. Grills ? If it was, then the plaintiff cannot maintain this action, because his estate in the slave had ceased.
The Circuit Judge charged the jury, that by a proper construction of the will, the share of Harriet - H-Grills was vested in her absolutely; and that by the codicil afterwards made to the will, the testator only intended to prevent the marital rights of her husband attaching thereto, at least during her life; and for that purpose clothed his sen William D. Smith, the present plaintiff, with a trust to manage and control the property during the life only of his daughter, the said Harriet H. Grills, and upon her death, the object of the trust having been accomplished, the trust itself terminated, and the present plaintiff had no further control over the property. That whether the marital rights of Jefferson Grills were entirely taken away, or only taken away during the life of Harriet H. Grills, it was not then necessary to determine ; because, if the present plaintiff, at the time he instituted this suit, had no right to said property, or authority to control it, he could not sustain the .action.
We think this charge of his honor, the Circuit Judge, was correct. It is plain that the testator, as to the share of Harriet H. Grills, would not have changed his will; but for his fears of the profligate habits of her husband, and his wish to exclude him from any control over the property during the coverture. That .some of her children are yet infants, can make no difference, since *68 the tntst was not created, because of the infancy of, the ahildren, but merely to protect the property against the marital rights of the husband. It is well settled, that an estate, co-extensive with the duties to be performed, will vest in the trustee, and that jhe will take exactly that quantity of interest which the purposes of the trust require, which, being executed, the trust estate ceases. The case of Ellis v. Fisher, 3 Sneed, 231, is very much like this. There the husband survived' the wife, who left infant children. The language creating the trust, was very comprehensive; yet it being evident, it was only intended to ¡protect the property against the marital rights of the husband, the trust estate was declared to cease at the wife’s death, and the estate itself, et> instanti, to go to the children.
Judgment affirmed.